**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4249-17T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

FATEEN K. DAWSON, a/k/a
KHALID DAWSON, FATEEM
DAWSON, FATEEM RUMPH,
and FATEEN RUMPH,

      Defendant-Appellant.

_____

Submitted March 25, 2020 – Decided April 23, 2020

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment Nos. 16-11-0985, 16-12-1097 and 17-12-1079.

Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle M. Watson, Deputy Public Defender, of counsel and on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Fateen Dawson appeals from the September 26, 2017 denial of his motion to suppress physical evidence recovered following a motor vehicle stop. We affirm.

We recite only the pertinent facts, which are gleaned primarily from the testimony elicited from the arresting trooper and defendant, the only witnesses who testified at the suppression hearing. On the evening of March 2, 2016, a New Jersey State Police trooper was on routine patrol in Millville. He observed defendant's vehicle traveling east on Route 49 when it crossed the center line prior to the intersection at Route 47, and crossed back over the center line before continuing east on Route 49. The trooper began to follow defendant's vehicle and witnessed it crossings over the center line several more times. Further, the trooper noticed the lamp used to illuminate defendant's vehicle tag was not working. He activated the marked police vehicle's overhead lights to effectuate a motor vehicle stop and observed defendant's car cross the center line again before it came to a complete stop.

After defendant provided the trooper with certain documentation, the trooper discovered an active traffic warrant pending against defendant. The trooper arrested defendant and during a search of the defendant incident to his

A-4249-17T2

arrest, the trooper discovered a large glass vial with fluid, which later testified positive for phenylcyclohexyl piperidine (PCP). Defendant received summonses for failure to maintain lane, N.J.S.A. 39:4-88(b) and maintenance of lamps, N.J.S.A. 39:3-61.

Defendant moved to suppress the evidence recovered during the search. At the suppression hearing, the State produced and played the trooper's dash cam video of the stop. Additionally, defendant played a video showing traffic heading east on Route 49 at the intersection of 3rd Street. Defendant argued his video demonstrated he was unfairly targeted for a motor vehicle stop because every driver on the video crossed over the center line at 3rd Street due to insufficient space in that area.

The motion judge credited the trooper's testimony and found his dash cam recording of the incident corroborated the trooper's version of the stop. Conversely, the judge did not find defendant's testimony believable. Although the judge acknowledged defendant's video showed "every single car would cross the center line at the intersection of Route 49 and 3[rd] Street," the judge specifically found the trooper's car was "facing north on Route 47 at the intersection of Route 49" when he initially observed defendant's vehicle cross

the center lane.  The judge added defendant "was pulled over . . . because of the infractions which [the trooper] personally observed."

On appeal, defendant raises the following argument:

> BECAUSE THE COURT ERRED IN FAILING TO CONSIDER NECESSITY AS A DEFENSE UNDER N.J.S.A. 2C:3-2 IN RELATION TO [DEFENDANT'S] CROSSING ON THE CENTER LINE AT THE 3rd STREET INTERSECTION, AND THAT INSTANCE MAY HAVE BEEN THE BASIS FOR A FINDING OF REASONABLE SUSPICION, THIS MATTER MUST BE REMANDED FOR A NEW ANALYSIS OF REASONABLE SUSPICION ABSENT THE IMPROPER CONSIDERATION OF THE NECESSARY CONDUCT.  U.S. CONST., AMENDS. IV, XIV; N.J. CONST., ART. I, ¶ 7.

This argument lacks merit.  As our Supreme Court noted, "[c]onduct that would otherwise be criminal is justified if the evil avoided is greater than that sought to be avoided by the law defining the offense committed, or, conversely, if the conduct promotes some value higher than the value of compliance with the law."  State v. Tate, 102 N.J. 64, 73 (1986) (citing Arnolds & Garland, The Defense of Necessity in Criminal Law: The Right to Choose the Lesser Evil, 65 J. Crim. L. C. & P.S. 289 (1974)); see State v. Romano, 355 N.J. Super. 21, 29 (App. Div. 2002).

"Necessity" is a recognized affirmative defense to alleged criminal conduct under the Code.  N.J.S.A. 2C:3-2(a).  But motor vehicle offenses, such

4

as those for which defendant received summonses, "are not offenses under New Jersey's Criminal Code." State v. Fogarty, 128 N.J. 59, 64 (1992). Accordingly, we construe defendant's argument under the elements of the common-law defense of necessity:

> (1) There must be a situation of emergency arising without fault on the part of the actor concerned;
>
> (2) This emergency must be so imminent and compelling as to raise a reasonable expectation of harm, either directly to the actor or upon those he was protecting;
>
> (3) This emergency must present no reasonable opportunity to avoid the injury without doing the criminal act; and
>
> (4) The injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.
>
> [State v. Romano, 355 N.J. Super. 21, 29 (App. Div. 2002) (citation omitted).]

A defendant must present some evidence to support the affirmative defense of necessity, but the burden ultimately rests on the State to "disprove the defense beyond a reasonable doubt." Id. at 36. Here, defendant is not entitled to the common-law defense of necessity because contrary to his assertion, the motion judge did not rely "upon one instance of [defendant] crossing the center line as a basis to justify the stop." Instead, the judge found the trooper pulled

5

defendant's vehicle over "because of the infractions which he personally observed." In other words, the arresting trooper effectuated the motor vehicle stop only after he saw defendant commit multiple motor vehicle violations. Defendant does not contend that each of his multiple infractions was committed out of necessity, so his challenge to the motor vehicle stop based on this affirmative defense is unpersuasive. Defendant's necessity argument also fails because the motion judge specifically rejected the notion that the arresting trooper was located at the intersection of Route 49 and 3rd Street when he saw defendant cross a center line. Instead, the judge found defendant's car was "on Route 49 when it crossed the center lane prior to the intersection with Route 47."

Appellate courts reviewing a grant or denial of a motion to suppress must defer to a trial court's factual findings so long as those findings are supported by sufficient evidence in the record. State v. Gamble, 218 N.J. 412, 424 (2014); State v. Elders, 192 N.J. 224, 243 (2007). We defer to those findings of fact because they "are substantially influenced by [an] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Johnson, 42 N.J. 146, 161 (1964). An appellate court should disregard those findings only when a trial court's findings of fact are clearly mistaken and "the interests of justice demand intervention and correction." Id.

6

at 162. However, we review a trial court's legal conclusions de novo. <u>State v. Gandhi</u>, 201 N.J. 161, 176 (2010). Guided by these standards, we are satisfied defendant's motion to suppress was properly denied.

To conduct a lawful investigatory stop, an officer needs a reasonable and articulable suspicion that an offense has occurred, even if that offense is only a minor traffic offense. <u>State v. Amelio</u>, 197 N.J. 207, 211 (2008). Based on the motion judge's factual and credibility findings, it is evident the trooper's observations of defendant's multiple traffic offenses plainly met the reasonable and articulable suspicion threshold.

Finally, we note that a search incident to a lawful arrest is one of many recognized exceptions which justifies a warrantless search of a suspect's person. <u>State v. Oyenusi</u>, 387 N.J. Super. 146, 153 (App. Div. 2006) (citing <u>Chimel v. California,</u> 395 U.S. 752, 762-63 (1969)). Although defendant does not challenge the lawfulness of his search, we agree with the motion judge's conclusion that the search "did not exceed the legally allowable scope and the search of the defendant . . . was legal."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4249-17T2